WIGGIN, Appellant, v. AYRES, Respondent.

No. 8752; June 8, 1883.

Carrier—Injury to Passenger—Trial—Conflicting Instructions.— An instruction in effect that, it being admitted that defendant was a common carrier and that plaintiff on a day named was a passenger riding in defendant's coach, and while so riding was upset and was injured thereby, plaintiff had made out a prima facie case, unless defendant proved the upsetting to have been the result of inevitable casualty, was not in conflict with another, in substance, "if you believe from the evidence in this case (that is, on both sides) that the upsetting was not occasioned by the negligence and carelessness of the defendant but by an act of God you should find for defendant."

APPEAL from Superior Court, Modoc County.

C. W. Taylor and E. M. Barnes for appellant; J. R. Kittrell and F. W. Ewing for respondent.

MYRICK, J.—The court instructed the jury: "In this case it is admitted by the defendants that they are common car-

riers, and that on the thirtieth day of November, 1880, the plaintiff, Ellen D. Wiggin, was then and there riding as a passenger in one of their stage-coaches, and that while she was so riding in said coach, said coach was upset and overturned, and that said Ellen D. Wiggin was injured thereby. Such being the case, then I instruct you that plaintiffs have made out a prima facie case, unless defendants have shown by satisfactory proof that the overturning and upsetting of the stage-coach was the result of inevitable casualty, or from some cause which human care and foresight could not prevent.''

At the request of defendants the court gave the following instruction:

''The jury are instructed that in civil cases, such as the one at bar, the plaintiff is required to establish his right to recover by a preponderance of evidence, and where the proof is evenly balanced it is the duty of the jury to find a verdict in favor of the defendants. Therefore, if you believe from the evidence in this case that the plaintiffs in this action have failed to prove by a preponderance of evidence that the defendants' stage-wagon was upset on the thirtieth day of November, 1880, at the place named in the complaint, and the injuries to Ellen D. Wiggin then and there received as set forth in the complaint, and that such upsetting was occasioned by the negligence and carelessness of defendants, and not by an 'act of God,' you should find a verdict in favor of the defendants.''

It is urged that there is a conflict in these instructions. If, at first view, there would seem to be a conflict, it is more apparent than real. The first instruction was according to the rule laid down in Boyce v. Cal. Stage Co., 25 Cal. 460. The second instruction does not say that the plaintiff, in addition to proving the overturning of the coach and the injuries caused thereby, must also prove negligence, as a distinct fact, further than as implied, but it says, in substance, ''if you believe from the evidence in the case (that is, evidence offered by both parties) that the upsetting was not occasioned by the negligence and carelessness of defendants, but was caused by an act of God, you should find for defendants.''

No error appears. Judgment and order affirmed.

We concur: Sharpstein, J.; Thornton, J.